UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH PARKER, et al., | Case No. 4:07CV2874 |
| Plaintiff, | JUDGE PETER C. ECONOMUS |
| v. | Magistrate Judge George J. Limbert |
| TRUMBULL COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

The above-captioned case is before the Court on Defendant's motion to dismiss. ECF Dkt. #2. This case has been referred to the undersigned for general pretrial supervision, including all motions. ECF Dkt. #8. For the following reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion and DISMISS the instant case without prejudice:

**I.  Failure to pursue arbitration**.

Defendant contends that the instant matter should be dismissed because Plaintiffs are suing under a service contract, and Ohio Revised Code § 5216.036(B) provides that an aggrieved party under a service contract must follow a prescribed mediation and arbitration process. Defendant contends that the Court, therefore, lacks subject matter jurisdiction, and the case should be dismissed. ECF Dkt. #2 at 3-4.

Defendant is incorrect because the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction. *Moore v. Ferrellgas, Inc.*, 533 F.Supp.2d 740, 745 (W.D.Mich. 2008). This same logic would apply to a state statutory arbitration requirement. Notwistanding that conclusion, the instant case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Ohio Revised Code § 5216.036(B) requires an aggrieved party, such as Plaintiffs to seek arbitration. In *Moore*, a district court noted that the Federal Arbitration Act directs the Court to stay an action pending arbitration; however, the Court's ability to dismiss a case is not

limited when all issues raised in the complaint are arbitrable. *Moore*, 533 F.Supp.2d at 745. The *Moore* court ultimately declined jurisdiction to compel arbitration and granted a motion to dismiss for failure to arbitrate the claim. *Id*. at 753.

In the case at bar, Plaintiffs are suing on an accounting for health care services rendered under a service contract. Therefore, all claims are required to be arbitrated under Ohio Revised Code § 5216.036(B), and it is appropriate to dismiss the case in its entirety.

**II.     Failure to obtain counsel.**

On October 15, 2007, Plaintiffs Deborah Parker and Special Care Facilities, Inc., proceeding *pro se*, moved for an extension of time to obtain counsel, which the undersigned granted. ECF Dkt. #5, 6. On December 26, 2007, the undersigned granted Plaintiffs leave until February 4, 2008 to obtain counsel. ECF Dkt. #15. On February 21, 2008, the undersigned granted Plaintiffs leave until March 3, 2008. To date, Plaintiffs have not retained counsel.

A corporation must be represented by legal counsel and cannot proceed *pro se*. *Reich v. Pierce*, Nos. 93-3279, 93-3446, 1994 WL 709292 at n.1 (6th Cir. Dec. 20, 1994), unreported, citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

In light of Plaintiffs' multiple opportunities to obtain counsel and their failure to obtain counsel to represent the corporation, the undersigned recommends that the Court dismiss all of Special Care Facilities, Inc.'s claims.

Further, upon review of the complaint and attached accounting (*see* ECF Dkt. #1, 17, 18) it is clear that Deborah Parker has not stated an individual claim. The correspondence between Parker and Defendant reflects that she was operating in the capacity as CEO of Special Care Facilities, Inc., and not in an individual capacity. *See* ECF Dkt. #17, 18. More specifically, the invoices Parker has submitted in support of her claim are all printed on Special Care Facilities, Inc. letterhead, she signed them as an authorized representative – "Deborah Parker, CEO," and there is not indication that she provided services in a personal capacity. *Id*. In short, Parker has failed to allege that Defendant is liable to her personally. Therefore, her individual claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**III.     Defendant's other bases for dismissal.**

In light of the foregoing, it is not necessary to address the remainder of Defendant's motion.

**IV.     Conclusion and recommendation.**

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion and DISMISS the instant case in its entirety without prejudice. ECF Dkt. #2.


Date: April 9, 2008                              */s/George J. Limbert*
                                                         GEORGE J. LIMBERT
                                                         UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).